# Lindsay *v.* Beaver Valley Traction Company, Appellant.

*Negligence—Street railways—Passenger getting on car—Transfer from one car to another—Case for jury.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff was injured by being struck by the rear end of a trolley car, which was deflected from its ordinary course while crossing a defective switch. The condition of the switch was shown to have existed for some time prior to the accident. Evidence was also produced to prove that the plaintiff had paid his fare on one car of the company, and was proceeding to another car at the direction of the conductor, when the accident took place.

The defense was advanced that the plaintiff was guilty of contributory negligence: that he did not occupy the position of a passenger, and that the defendant company was responsible for only ordinary care and that no evidence of negligence had been produced.

*Held:* that the case was for the jury and a verdict for the plaintiff will be sustained.

Argued April 22, 1924.    Appeal, No. 15, April T., 1924, by defendant, from judgment of C. P. Beaver Co., March T., 1922, No. 164, on verdict for plaintiff, in the case of Nathaniel C. Lindsay v. The Beaver Valley Traction Company.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,750 and judgment thereon.    Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*D. A. Nelson,* for appellant.

*Richard S. Holt,* and with him *Clyde Holt* and *Harry B. Richardson,* of *Holt, Holt & Richardson,* for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

It is an undisputed fact that the plaintiff was struck by the rear end of a street car operated by the defendant and that this occurred because the car "split the switch" at the intersection of Delaware Avenue and Madison Street in the Boro of Rochester—the front wheels of the car following the track to the left in the direction in which it was intended the car should go and the rear

wheels following the track to the right in an opposite direction. One of the subjects of controversy was whether this movement of the car was the result of a defective condition of the track at or near the point of the switch which condition the plaintiff alleged had existed for a considerable length of time. Another disputed question was whether the plaintiff sustained the relation of a passenger and was therefore entitled to the exercise of the highest care on the part of the defendant. The appellant's first contention is that the defendant was chargeable with contributory negligence and that therefore the court should have given binding instructions for the defendant. The second was that the plaintiff was not a passenger and that the company was therefore only responsible for ordinary care and that there was no negligence. With respect to the first proposition, we think it clear that the charge of contributory negligence cannot be sustained and that on the ground that the plaintiff was not hurt at a place where he was in danger if the car had been operated in the usual manner and had moved over the switch in the direction in which it was being driven. Nothing in the evidence would warrant the conclusion by the jury or the court that if the car had not made the eccentric movement shown by the witnesses the plaintiff would have been injured; nor would the court have been justified in assuming that the plaintiff's evidence was not credible as to the circumstances attending the accident. He testified that he entered a car of the defendant near his home with the intention of riding to Conway where he was employed; that he paid his fare to the conductor and that shortly after so doing, the car moved forward a short distance and stopped; that there were two or three cars ahead of the car in which the plaintiff was seated which were not moving; that he asked the conductor what the trouble was, to which the latter replied: "I don't know whether that man is off the track ahead there or not." The conductor said: "You come along with me up there and if he goes,

I'll put you on with him on the first car at the switch."
Following this direction, the conductor walked forward
on the left side of the track and the plaintiff went onto
the sidewalk and walked up to the intersection of the
streets where the cars were halted at the switch. Ac-
cording to the evidence of the conductor of the car which
the plaintiff entered, it was about half an hour before
the front car moved, the delay being caused by the diffi-
culty of a car still further along the track getting up the
hill—the weather being cold and there being ice on the
ground with some snow. When the car at the switch
was apparently ready to be started, the plaintiff stepped
from the sidewalk onto the street to take it pursuant to
the instruction of the conductor, but, as stated by the
plaintiff, the car started to go up Madison Street "real
fast with all the power I could think was in the wire to
give it." As there was no opportunity for the plaintiff
to take the car he stepped back quickly on the curb and
as he turned around facing Delaware Avenue, the rear
end of the car struck him. On the state of facts thus
described, the plaintiff contended that he was a passen-
ger waiting to be transferred to the front car and that
therefore he was entitled to the application of the same
rule of law with respect to care on the part of the car-
rier to which he would have been entitled if he had been
in the car. The conductor denied that he had directed
the plaintiff to take the front car, and evidence was
offered to show that a rule of the company prohibited a
conductor from transferring a passenger from one car
to another without special authority from the company.
It appeared however that all of these cars were to be
moved in the direction in which the plaintiff was going
and that the transfer was directed (according to the
plaintiff) because it was uncertain when the car which
he had entered would have a clear track. The learned
trial judge instructed the jury that the plaintiff was a
passenger if they found that he paid his fare; that he
left the car under instructions or at the request of

the conductor to go forward to the other car, and if the plaintiff was there within reach of the car which the conductor indicated to him he should take and was waiting the opportunity to get the car pursuant to such instruction from the conductor; that if such were the case the burden was on the defendant to show that it exercised the high degree of care to which the plaintiff was entitled as a passenger. The attention of the jury was then directed to the evidence of the defendant showing that inspection was made of the switch and track adjacent thereto, and to the testimony in regard to the condition of the street on that morning, and to the evidence with respect to the operation of the car. The jury was further instructed that if the plaintiff was not a passenger and was at the street corner intending to take the car to convey him to his destination then the defendant company owed him the duty of but ordinary care, the same duty it might owe anyone else who might lawfully be on the public highway and that under such circumstances the burden of proof was on the plaintiff to satisfy the jury by the weight of the evidence that the defendant was negligent and no presumption of negligence arose from the mere fact that an accident of this kind occurred. There were three questions for consideration, therefore: (a) Was the plaintiff a passenger? (b) Was the defendant guilty of negligence? (c) Was the plaintiff guilty of contributory negligence? Under the evidence we think the case is within the doctrine of Keator v. Traction Co., 191 Pa. 102, where a passenger transferred from one car approached another with the intention of taking it and was injured by a broken trolley pole as she was about to enter the car. It was there held that as the plaintiff was not a traveler on the highway, nor a person who desired to cross the street, nor a mere spectator, but there because she had a right to take passage on the particular car at that place, she was in no sense one of the general public on the street. She was there because of the implied agreement of the company to

carry her to her destination after having paid her fare. This was the attitude of the plaintiff according to his testimony. Its credibility was for the jury. It is said however that the conductor was without authority to transfer the passenger to the car in advance because of a regulation of the road that this should only be done on special authorization. It was developed in the evidence that such transfers were made from time to time as obstructions occurred on the track or cars were disabled, but it was said to be by special direction. It is not alleged however that the plaintiff had notice of any such regulation, and the act of the conductor, if the plaintiff is credible, was so reasonable in view of the fact that the two cars were going to the plaintiff's destination, that the plaintiff was entitled to notice that he could not ride in any other car going in the same direction, under the instruction of the conductor, although he had paid his fare.

If however the contention of the plaintiff that he was a passenger could not be sustained, the case is still one for the jury on the allegation of negligence. There was evidence from which a jury might conclude that the defendant had permitted its track, at or near the switch, to remain in a defective condition for a considerable length of time and that the splitting of the switch resulted from that condition. It was in evidence that on several occasions cars had been derailed at this point and the probable effect of the condition was shown to be that such an occurrence as took place January 21st, when the plaintiff was injured, was likely to be caused by the alleged defect. The evidence for the plaintiff shows that he was on the sidewalk or just stepping onto the curb when the swing of the car took place and his evidence would not convict him of negligence in occupying a dangerous position. The defendant called witnesses to prove that the track was in a sound condition and to contradict the testimony of the plaintiff and his witness with respect to the occurrence of derailment acci-

dents there, but the jury must necessarily determine what credit should be given to the witnesses.

We must overrule the assignments of error therefore. The judgment is affirmed.